ERIC GRANT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900



**FILED**

JAN 1 2 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00121 WBS |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE:<br>TIME: |
| JOSHUA DAVID PRICE, | COURT: Hon. WILLIAM B. SHUBB |
| Defendant. | |

## I.   INTRODUCTION

### A.   Scope of Agreement.

The Superseding Information in this case charges the defendant with a violation of 18 U.S.C. § 2251(a) – sexual exploitation of a child. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. No modification of this plea agreement shall be effective unless it is in writing and signed by all parties. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                       1

concerning the criminal activities of defendant, including activities which may not have been charged in the Superseding Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.    **DEFENDANT'S OBLIGATIONS**

### A.    **Guilty Plea.**

The defendant will plead guilty to the sole count in the Superseding Information, charging him with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

1.    Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charge to which he is pleading guilty and that pursuant to Fed. R. Crim. P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the

PLEA AGREEMENT                            2

charge set forth in the Superseding Information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

2.    Waiver of Venue:

The defendant understands that the law gives the defendant a right to be prosecuted in the district where the offense was committed. The defendant agrees that venue for the offense charged in the Superseding Information is proper in the Eastern District of California. Nonetheless, the defendant understands that, by pleading guilty, he is waiving any challenge or objection he may bring with respect to venue for the offense charged in the Superseding Information.

3.    Remand:

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

**B.    Restitution.**

The defendant agrees the conduct in the Superseding Information to which he is pleading guilty requires him to pay mandatory restitution to the victim(s) under 18 U.S.C. § 2259. The defendant understands that the victim's compensable losses could range from approximately $3,000 to $150,000. The defendant understands that these figures are an estimate, and the amount of restitution will be determined by the Court.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments,

PLEA AGREEMENT                                              3

ownership interests in business entities or real property) with an aggregate value of less than $5,000.

Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court. If incarcerated, payment of any unpaid criminal monetary penalty in this case is due during imprisonment at the rate of 10% of the defendant's gross income per month or $25 per quarter, whichever is greater. Payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

**C.    Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

**D.    Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.    Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void this plea agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in

PLEA AGREEMENT                                4

any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting obstruction of justice. If the defendant violates this plea agreement in any way, the government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F.      **Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

PLEA AGREEMENT                          5

1.     Digital camera,
2.     Vado Video recorder,
3.     Maxtor external hard drive, and
4.     HP Pavilion computer.

The defendant agrees that the listed assets were used or intended to be used to commit and to promote the commission of a violation of 18 U.S.C. § 2251(a).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

The defendant agrees to abandon a Black Apple iPhone 12 (SAI H4YM63CB0DXP) seized on March 29, 2024.

G.    **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant agrees to provide an updated version of the Financial Affidavit within three (3) weeks after receiving a written request from

PLEA AGREEMENT         6

the U.S. Attorney's Office.  The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court.  Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A.  The government also agrees to dismiss without prejudice the remaining counts in the Indictment.  The government further agrees not to reinstate any dismissed count except if this plea agreement is voided as set forth in this plea agreement generally, or as specifically provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

#### B.   Recommendations.

1.   Incarceration Range.

The government will recommend that the defendant be sentenced to a term of imprisonment within the guidelines range, including the application of the statutory minimum term, as determined by the Court.

2.   Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

PLEA AGREEMENT                                        7

engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.    Use of Information for Sentencing.

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.    ELEMENTS OF THE OFFENSES

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a):

First, at the time, the victim was under the age of eighteen years;

Second, the defendant employed or used the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer.

9th Cir. Model Crim. Jury Instr. 20.18 (2022).

The defendant fully understands the nature and elements of the crime charged in the Superseding Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.    MAXIMUM SENTENCE

### A.    Maximum Penalty.

The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2251(a) (Count One) is 30 years of incarceration, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.  A mandatory minimum sentence of 15 years (180 months) applies.  By signing this plea agreement, the defendant also agrees that the Court can order the payment

PLEA AGREEMENT                                8

of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.    Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release and impose a prison sentence of at least 5 years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge. Under 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment is three years for a class B felony.

## VI.    SENTENCING DETERMINATION

**A.    Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Estimated Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

PLEA AGREEMENT                                    9

COUNT ONE

| | | | |
|---|---|---|---|
| 1. | Base Offense Level: | 32 (§2G2.1(a)) |
| 2. | Victim 12<16years: | +2 (§2G2.1(b)(1)(B)); |
| 3. | Sexual Act: | +2 (§2G2.1(b)(2)(A)); |
| 4. | Use of a computer: | +2 (§2G2.1(b)(6)(B)); |
| 5. | Total offense level: | 38 |
| 6. | Repeat and Dangerous: | +5 (§4B1.5(b)) |
| 7. | Adjusted Offense Level: | 43 |
| 8. | Acceptance of Responsibility: | See paragraph III.B.2 above |
| 9. | Criminal History: | The parties have reached no agreement regarding the defendant's criminal history. |

The defendant may argue for a variance, but acknowledges that he cannot argue for a sentence below the statutory mandatory minimum of 15 years (180 months).

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.    Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum of the offense to which he is pleading guilty.  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the

PLEA AGREEMENT                                10

defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessment the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C.    Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code Section 290. Defendant further

PLEA AGREEMENT                              11

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### D.   Special Condition of Supervised Release.

Defendant agrees that, based on the nature of the offenses, the defendant's criminal history, and the defendant's use of Whisper and encrypted messaging applications during the operation that led to his most recent arrest, the Court should impose the following special condition of supervised release, which is reasonably related to deterrence and rehabilitation:

Special Condition (Searches)

> The defendant shall submit his person, residence, workplace, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer in furtherance of the supervision of the defendant at any time, with or without suspicion, or by any federal, state, or local law enforcement officer at any time, with reasonable suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

### VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

PLEA AGREEMENT                                    12

plead guilty as set forth in this plea agreement.

Dated: 12 Jan 2026

_____
KRESTA N. DALY
Attorney for Defendant

**B.      Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: 12 Jan 2026

_____
JOSHUA DAVID PRICE
Defendant

**C.      Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 1 · 12 · 2026

ERIC GRANT
United States Attorney

_____
ROGER YANG
Assistant United States Attorney

PLEA AGREEMENT                                    13

**EXHIBIT "A"**

**Factual Basis for Plea(s)**

On August 5, 2011, the Klamath Falls Police Department in Oregon contacted the defendant, Joshua David Price based on an anonymous tip that the defendant, who was 21 years old at the time, was having sex with Minor Victim 1, who was 15 at the time. The defendant acknowledged that Minor Victim 1 was 15 years old and initially claimed that she was his niece.

When officers interviewed Minor Victim 1, she stated that she had sexual intercourse with the defendant multiple times in the week and a half after she flew from her hometown on the East Coast to Sacramento, and then traveled by car to Klamath Falls, Oregon. Minor Victim 1 also stated that he had oral sex with the defendant several times. Minor Victim 1 also reported that the defendant went to the East Coast when she was 14 years old and they had sex over the course of two weekends. They kept in touch, and eventually defendant's relatives bought her a plane ticket for a flight from the East Coast to Sacramento on July 27, 2011. Minor Victim 1 reported that the defendant videotaped her while she was in Oregon, three times while they were having oral and vaginal sex.

The defendant was then re-interviewed and admitted having pictures of Minor Victim 1 in bra and panties, and a "couple of more racier ones, but that's all because of her age. I know pictures are just as bad, but at least it's not as bad as sex." Then the defendant admitted having pictures of Minor Victim 1 naked, and that they were on external hard drives. The defendant admitted traveling from Sacramento to the East Coast earlier, and having sex with Minor Victim 1. Then the defendant stated that he bought a plane ticket for Minor Victim 1 from the East Coast to Sacramento for July 27, 2011, and that she landed on July 28, 2011 at 1:00 a.m. The defendant stated that he had van trouble, so he stayed in Sacramento for a night, and he had sex with Minor Victim 1 at a friend's house before they drove to Klamath Falls on July 29, 2011. The defendant admitted having sex with Minor Victim 1 in Klamath Falls on July 31, 2011, and a total of six times. Klamath Falls Police Department officers seized various devices with the defendant's consent.

The Department of Homeland Security obtained the devices from the Klamath Falls Police Department and searched them pursuant to a federal warrant. In the memory of a digital camera were images of Minor Victim 1. On a Vado Video Recorder, was a video file depicting Minor Victim 1 having sex with the defendant, and another video file showing Minor Victim 1 touching the defendant's penis and then performing oral sex on the defendant. On a Maxtor external hard drive, images of Minor Victim 1 nude and close up images of her genitalia were found. The defendant acknowledges that the Vado Video Recorder was created by Creative Technology, Ltd., a Singaporean company, and manufactured in China. The defendant acknowledges that the Maxtor external hard drive was not manufactured in the United States.

Under penalty of perjury, I affirm that I have reviewed the "Factual Basis" information above with my attorney, and agree that it is accurate.

Dated: 12 Jan 26 _____    _____
                                     JOSHUA DAVID PRICE, Defendant

PLEA AGREEMENT                          A-1