ERIC GRANT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00121 |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMO |
| v. | DATE: April 20, 2026 |
| JOSHUA DAVID PRICE, | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |
| Defendant. | |

On January 12, 2026, the defendant, Joshua David Price, plead guilty to a Superseding Information charging him with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a). Doc. 41. The United States recommends the Court sentence defendant Joshua David Price to a term of 360 months in prison, followed by a lifetime term of supervised release. The defendant plead guilty, and has a significant criminal record, justifying a statutory maximum sentence. The mandatory minimum sentence is 180 months, but there are certain aggravating factors as noted in the Guideline Calculations. Therefore, the government believes that a 360-month sentence is sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

## I.    FACTUAL STATEMENT

On August 5, 2011, the Klamath Falls Police Department in Oregon contacted the defendant, Joshua David Price based on an anonymous tip that the defendant, who was 21 years old at the time, was having sex with Minor Victim 1, who was 15 at the time. The defendant acknowledged that Minor

PRICE GOV. SENT. MEMO

1

Victim 1 was 15 years old and initially claimed that she was his niece.

When officers interviewed Minor Victim 1, she stated that she had sexual intercourse with the defendant multiple times in the week and a half after she flew from her hometown on the East Coast to Sacramento, and then traveled by car to Klamath Falls, Oregon.  Minor Victim 1 also stated that he had oral sex with the defendant several times.  Minor Victim 1 also reported that the defendant went to the East Coast when she was 14 years old and they had sex over the course of two weekends.  They kept in touch, and eventually defendant's relatives bought her a plane ticket for a flight from the East Coast to Sacramento on July 27, 2011.  Minor Victim 1 reported that the defendant videotaped her while she was in Oregon, three times while they were having oral and vaginal sex.

The defendant was then re-interviewed and admitted having pictures of Minor Victim 1 in bra and panties, and a "couple of more racier ones, but that's all because of her age.  I know pictures are just as bad, but at least it's not as bad as sex."  Then the defendant admitted having pictures of Minor Victim 1 naked, and that they were on external hard drives.  The defendant admitted traveling from Sacramento to the East Coast earlier, and having sex with Minor Victim 1.  Then the defendant stated that he bought a plane ticket for Minor Victim 1 from the East Coast to Sacramento for July 27, 2011, and that she landed on July 28, 2011 at 1:00 a.m.  The defendant stated that he had van trouble, so he stayed in Sacramento for a night, and he had sex with Minor Victim 1 at a friend's house before they drove to Klamath Falls on July 29, 2011.  The defendant admitted having sex with Minor Victim 1 in Klamath Falls on July 31, 2011, and a total of six times.  Klamath Falls Police Department officers seized various devices with the defendant's consent.

The Department of Homeland Security obtained the devices from the Klamath Falls Police Department and searched them pursuant to a federal warrant.  In the memory of a digital camera were images of Minor Victim 1.  On a Vado Video Recorder, was a video file depicting Minor Victim 1 having sex with the defendant, and another video file showing Minor Victim 1 touching the defendant's penis and then performing oral sex on the defendant.  On a Maxtor external hard drive, images of Minor Victim 1 nude and close up images of her genitalia were found.  The defendant acknowledges that the Vado Video Recorder was created by Creative Technology, Ltd., a Singaporean company, and manufactured in China.  The defendant acknowledges that the Maxtor external hard drive was not

PRICE GOV. SENT. MEMO

2

manufactured in the United States.  Doc. 43.

**II.    SENTENCING**

A. Statutory Sentencing Ranges

The statutory sentencing range is a mandatory minimum of 15-years, and a maximum of 30 years of incarceration, a term of supervised release of at least 5 years up to a lifetime term, a fine of up to $250,000, and a special assessment of $100.  18 U.S.C. §§ 2251(d); 3583(k).  If the defendant is not indigent, he is subject to a mandatory $5,000 special assessment under 18 U.S.C. § 3014.

1.    Probation calculations

On January 12, 2026, the defendant plead guilty to a one-count Superseding Information charging him with a violation of 18 U.S.C. § 2251(a), Sexual Exploitation of a Child.  The probation officer calculated the guidelines calculation as follows: a base offense level of 32 (USSG §2G2.1(a)); victim < 16 +2 (USSG §2G2.1(b)(1)(B)); sexual contact +2 (§2G2.1(b)(2)(A)); use of a computer +2 (USSG §2G2.1(b)(6)(B)).  Doc. 47, ¶¶ 24-31.  This yielded a total offense level of 38.  Probation then applied the 5-level pattern of activity enhancement in USSG §4B1.5(b)(1).  Doc. 47, ¶ 32.  With acceptance of responsibility,[1] the offense level is 40.  The probation officer calculated the defendant's criminal history category to be IV.[2]  Doc. 47, ¶¶ 41-49.  This yields a sentencing guideline range of 360 months.  Doc. 47, p. 19.

2.    Defense sentencing issues

Defense counsel wanted to ensure that Price's medical conditions are taken care of by the Bureau of Prisons.  As of the filing of this sentencing memo, the defendant has not objected to the pre-sentence report.

B. The government's recommendation

The government recommends a 360-month sentence as no greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a).  The government concurs in probation's

---

[1] The government moves to give the defendant the third point for acceptance of responsibility under USSG §3E1.1(b).

[2] The government notes that the defendant had a juvenile adjudication that did not score on his criminal history.  Doc. 47, ¶ 43.  The remainder of the defendant's criminal history occurred after the offense of conviction.  Doc. 47, ¶¶ 44-46.

PRICE GOV. SENT. MEMO

3

recommendation of a life term of supervised release due to his criminal history, almost all of which was related to sexual crimes involving minors.  Doc. 47 at ¶¶ 41-53.

Because of the defendant's past use of Whisper and continued involvement with chatting with minors regarding sex while on probation, the government requests that the Court make specific findings that the defendant's use of the internet should be monitored, and that he should be subject to search conditions for any internet-capable devices.  Doc. 47 at ¶¶ 6, 36-40, 44, 46.  The government requests that the Court impose the 14 special conditions recommended by Probation.

C.  Restitution

As to the Minor Victim related to Count One, restitution is mandatory for the full amount of the victim's losses.  18 U.S.C. §§ 2259(a), 2259(b)(1), 2259(c)(2).  The government located and interviewed the Minor Victim during its investigation.  The Minor Victim was told about her right to restitution. As of the filing of this sentencing memo, however, the government has not received a restitution request.  If the government receives a request, the government will inform defense and update the Court.

**III.    CONCLUSION**

Before the Court is a defendant who has been committing sexual crimes involving minors since he was a juvenile.  When he was 21 years old, defendant met a 15 year old girl on the Internet, began a sexual relationship with her, and brought her to Sacramento and ultimately Oregon.  During the trip, the defendant created videos of them engaging in sex acts.  The defendant knew this was wrong, because he initially concealed the relationship and the conduct when questioned, and also from the minor victim's mother. Doc. 47, ¶ 8, 11.  Although the offense conduct all occurred in 2011, defendant's subsequent history demonstrates that a significant, statutory maximum sentence is appropriate.  Therefore, the government is requesting a 360 month sentence, and a life term of supervised release.

Dated:  April 13, 2026

ERIC GRANT
United States Attorney

By:  /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney